Dr. Byron W. M. HILL, M. D., Appellant,

v.

Robert WILLMOTT and Arnold & Willmott, Law Firm, Appellees.

Court of Appeals of Kentucky.

Jan. 27, 1978.

Rudy C. Bryant, Henderson, for appellant.

John Stanley Hoffman, King, Deep & Branaman, Henderson, for appellees.

Before GANT, VANCE and WILHOIT, JJ.

GANT, Judge.

This is an appeal from an order of the Henderson Circuit Court granting the appellees/defendants' motion for a summary judgment and dismissing the action on the grounds that there is no genuine issue as to any material fact and that the appellees are entitled to judgment as a matter of law. The sole issue on appeal is whether a former litigant can sustain an action based on the theory of negligence against the adverse party's attorney in the prior suit.

A brief chronological review of the facts is necessary to dispose of this appeal. In the summer of 1974 Kenneth and Phyllis Russelburg engaged the services of Sidney H. Hulette, an attorney in Morganfield, Kentucky, for the purpose of investigating the possibility of legal action against the appellant, Dr. Byron W. M. Hill, for what they believed to be an incorrect diagnosis that they had contracted a venereal disease. Shortly thereafter, Hulette advised the Russelburgs that it would be better if they obtained counsel in Dr. Hill's home town, Henderson, Kentucky, since the action would have to be brought and maintained there. Hulette, with the permission of the Russelburgs, contacted M. Curram Clem, an attorney in Henderson, concerning the case, and subsequently an agreement was reached whereby Clem would represent the Russelburgs in their action against Hill.

Clem stated that at this time he informed them that the suit would be filed in the name of an out-of-town attorney due to the fact that Dr. Hill was one of the few surgeons in Henderson and that he frequently used Hill as an expert witness in Workmen's Compensation proceedings.

Clem then contacted Robert W. Willmott, appellee, of the law firm of Arnold & Willmott in Lexington, explained the situation surrounding the case and assured Willmott that he would perform all the necessary work to properly present the claim if he would allow Clem to use his name as attorney of record. Willmott agreed, based upon these assurances, and in June of 1975 permitted Clem to affix his signature to the complaint. Willmott received the notices of the taking of the depositions and he immediately telephoned Clem to inform him of the date, time and place of the taking of these depositions and in each instance Clem assured Willmott that he would attend and protect the rights of the Russelburgs. Prior to the taking of the Russelburgs' depositions, Clem again reminded them that the suit had been filed in the name of another attorney.

In April of 1976 Willmott promptly notified Clem of the motion for summary judgment made by Hill and Clem assured Willmott that he would attend this hearing and resist the motion. Not until some time later when he received notice of the commencement of this action was Willmott aware that Hill's motion for a summary judgment had been granted.

On June 11, 1976, the appellant instituted this action alleging the following:

That the defendant, Robert Willmott, was *negligent in the instituting of the suit* against the plaintiff. Dr. Byron W. M. Hill, M. D., in that the defendant, Robert Willmott failed to exercise or possess that degree of skill, care and learning ordinarily exercised or possessed by the average qualified attorney, acting in the same or similar circumstances. Defendant was negligent in that prior to filing suit, he did not consult with Dr.

Byron W. M. Hill, M. D., did not consult with any other physicians concerning the skill, care and technique used by a physician in this particular type case, did not consult medical charts of Kenneth Russelburg and Phyllis Russelburg, did not consult with the State or County Health Departments in determining whether or not Dr. Byron W. M. Hill's report to the Russelburgs was correct, did not consult in any manner with the plaintiffs, Kenneth Russelburg and Phyllis Russelburg, and was not authorized to file suit on their behalf against Dr. Byron W. M. Hill, M. D. (Emphasis added).

After taking of depositions, the appellees filed a motion for summary judgment and submitted in support thereof the affidavits of Clem and Willmott. Appellant did not file opposing affidavits and, after having heard the arguments of counsel, the court granted the appellees' motion. This appeal followed.

 Appellant's alleged cause of action is for damages for "negligence" by the appellee in filing a malpractice suit against the appellant on behalf of the Russelburgs. As the basis for this allegation the appellant urges that the factual situation involved herein contains the three elements necessary to sustain an action for negligence which include a duty owed by appellee to appellant, a violation of that duty, and resulting damages. See *Gosney v. Louisville & Nashville Co.*, 169 Ky. 323, 183 S.W. 538 (1916). The specific elements constituting the basis for his claim are as follows:

1. A duty owed by Willmott to the appellant to act in accordance with R.A.P. 3.130 which embodies the principles enunciated in the American Bar Association's Code of Professional Responsibilities. Specifically, the alleged duty is found in Canon 9 entitled "A Lawyer Should Avoid Even the Appearance of Professional Impropriety" and attendant ethical considerations requiring a lawyer to " . . . promote public confidence in our system and in the legal profession" and to act " . . . in a manner that promotes public confidence in the integrity and efficiency of the legal

system and the legal profession." See E.C. 9–1 and 9–2.

2. A violation of that duty by Willmott when he filed an unauthorized law suit against the appellant.

3. Damages to the appellant's practice in the amount of $250,000 as a result of Willmott's actions.

The main flaw in the appellant's reasoning lies in the assumption that the duty owing to another pursuant to R.A.P. 3.130 extends to individuals and the remedy provided thereunder is for the redress of private grievances. In holding that a private action for civil damages for alleged breach of an attorney's oath by the filing of a false claim would not lie, the United States District Court for the Eastern District of Tennessee in *Merritt-Chapman & Scott Corp. v. Elgin Coal, Inc.*, 358 F.Supp. 17 (1972) stated as follows:

> While . . . under proper circumstances an action might lie against an attorney for malicious prosecution, fraud or abuse of process by the false initiation and prosecution of litigation, apart from such circumstances, no private action for civil damages will lie for an alleged breach of an attorney's oath in the filing of a false claim. No authority has been cited by the plaintiff in support of its claim in this regard. Rather, the plaintiff relies upon the analogy that a civil action would generally lie for breach of a statutory duty. The statutory duty here alleged to be involved is not cited, but apparently it is Section 29–108, T.C.A., dealing with the procedure for admission to the practice of law and the oath required therein. The remedy for the breach of the oath therein provided is a public one, not a private one.

This is in accord with the disciplinary nature of Rule 3, et seq. of the Rules of Appellate Procedure. The sole remedial method for a violation of the Code is the imposition of disciplinary measures after a hearing by the Board of Governors of the State Bar Association for any " . . . charges brought under this code as well as

charges for other unprofessional or unethical conduct calculated to bring the bench and bar into disrepute." See R.A.P. 3.130. Nowhere does the Code of Professional Responsibility or the Rules attempt to establish standards for civil liability of attorneys for their professional negligence. This is not to say that a cause of action cannot be asserted for negligence on the part of an attorney. All we are holding is that the duty set forth in the Code and the Rules establishes the minimum level of competence for the protection of the public and a violation thereof does not necessarily give rise to a cause of action.

■ Assuming the attorney owes a duty independent of that set forth in the Rules and the Code and a violation occurs, we must then determine to whom the duty is owed. The California appellate court recently confronted this problem in *Donald v. Garry,* 19 Cal.App.3d 769, 97 Cal.Rptr. 191 (1971) and reached a workable solution. Therein an attorney employed by a collection agency to bring an action for the collection of a debt owed to a client of the agency was held liable to the individual creditor despite the absence of privity of contract when the collection proceeding was dismissed for lack of diligent prosecution due to the attorney's negligence. In so holding, the court stated that "An attorney may be liable for damage caused by his negligence to a person *intended to be benefited* by his performance irrespective of any lack of privity . . . " (Emphasis added). We believe this to be a proper statement of the law in this Commonwealth.

■ Kentucky has long recognized an action for malicious prosecution where the suit was instituted with malice and without probable cause. *Harter v. Lewis Stores,* Ky., 240 S.W.2d 86 (1951). Although actions for malicious prosecution are not favored, they do deter the utilization of the legal process for the purpose of vexation or injury. *Reid v. True,* Ky., 302 S.W.2d 846 (1957); *Davis v. Brady,* 218 Ky. 384, 291 S.W. 412 (1927). See 52 Am.Jur.2d Malicious Prosecution, § 1.

There are several public policy reasons to limit the adverse party's action to one for malicious prosecution. In a similar case, *Norton v. Hines,* 49 Cal.App.3d 917, 123 Cal.Rptr. 237 (1975), the California Court of Appeal noted the general proposition that "[t]he tort of malicious prosecution is designed to place restraint on a would-be plaintiff while furnishing protection to a wrongfully sued defendant." In extending this principle to the attorney representing the litigant initiating the action, the court reasoned as follows:

> The attorney owes a duty to his client to present his case vigorously in a manner as favorable to the client as the rules of law and professional ethics will permit. He is an advocate and an officer of the court. He is cognizant of the public policy that encourages his clients to solve their problems in a court of law. In our opinion, when representing his client in the initiation of a law suit, he should not be judged by a different standard . . . Against attorneys, however, he (adverse litigant) proceeds on a cause of action for simple negligence which requires a different and less, demanding standard of proof. We believe the public policy of favoring free access to our courts is still viable. However, if . . . (his) cause of action against attorneys for negligence is permitted, this policy will be subverted. The attorney must have the same freedom in initiating his client's suit as the client. If he does not, law suits now justifiably commenced will be refused by attorneys, and the client, in most cases, will be denied his day in court.

The Kentucky Court of Appeals had previously adopted a similar viewpoint in *Rose v. Davis,* 288 Ky. 674, 157 S.W.2d 284 (1941). Therein the court stated:

> An attorney is not ordinarily liable to third persons for his acts committed in representing a client. It is only where his acts are fraudulent or tortious and result in injury to third persons that he is liable. To hold an attorney responsible for damages occasioned by an erroneous judicial order, even though the error be induced by him, would make the practice

of law one of such financial hazard that few men would care to incur the risk of its practice.

The key to the protection of the basic legal concept allowing free access to the courts is the element of "probable cause" in an action for malicious prosecution. Any less demanding standard would make the attorney " . . . an insurer to his client's adversary that his client will win in litigation." See *Tool Research & Engineering Corp. v. Henigson*, 46 Cal.App.3d 675, 120 Cal.Rptr. 291 (1975). To allow a party to bring a negligence action against the adverse attorney would have a chilling effect on the number of meritorious claims filed and this cannot be tolerated under our system.

Applying the foregoing principles to the case at bar, it is readily apparent that Willmott did not owe the alleged duty urged by Hill nor was the appellant an intended beneficiary of Willmott's services. Willmott's alleged failure to investigate the facts and law prior to the filing of the suit in his name would have been material as to the question of "probable cause" in a malicious prosecution action if such had been pleaded. However, his alleged failure to investigate was not a duty owing to Hill and as such does not constitute a cause of action by him. For an excellent discussion of this topic, see Birnbaum, Physicians' Counterattack: Liability of Lawyers for Instituting Unjustified Medical Malpractice Actions, 54 *Fordham L.Rev.* 1003 (1977).

For the above stated reasons, the summary judgment of the lower court is affirmed.

All concur.