**James ROSE and Christopher Rose, Appellants**

v.

**WINTERS, YONKER & ROUSSELLE, P.S.C., a/k/a Winters & Yonker, Attorneys at Law, PA; Bill Winters; Marc E. Yonker; and Donald Matthew Kannady, Appellees.**

No.  2011–CA–000613–MR.

Court of Appeals of Kentucky.

July 27, 2012.

Discretionary Review Denied by Supreme Court March 13, 2013.

Case Ordered Published by Court of Appeals March 13, 2012.

Samuel B. Carl, Richard J. Head, Louisville, KY, for appellants.

Ronald L. Green, James M. Inman, Lexington, KY, for appellees.

Before ACREE, Chief Judge; CLAYTON and KELLER, Judges.

## OPINION

KELLER, Judge:

The Appellants, James Rose (James) and Christopher Rose (Christopher), appeal from an order of the Jefferson Circuit Court dismissing their complaint against the Appellees, Winters, Yonker & Rousselle, P.S.C.; Bill Winters; Marc Yonker; and Donald Kannady. For the following reasons, we affirm.

## FACTS

The Appellants filed a complaint against their former attorneys, the Appellees, seeking forfeiture of all attorney fees paid by them to the Appellees for alleged violations of the Kentucky Supreme Court Rules of Professional Conduct. They also sought class certification for similarly situated former clients of the Appellees.

The complaint alleged the following. On or about March 8, 2009, the Appellants were injured in a motor vehicle accident. Approximately two days later, Christopher, acting on behalf of himself and James, called a number advertised on television, 1–800–ASK–GARY, to inquire about their potential civil claims. Approximately two minutes after speaking with an operator, Christopher received a telephone call from a person who identified himself as an attorney, agent, and/or employee of Winters, Yonker & Rousselle. This individual instructed the Appellants to meet with an attorney, agent and/or employee of Winters, Yonker & Rousselle on March 17, 2009, at a medical office known as 1st Physician Rehabilitation, Inc.

According to the records of the Kentucky Secretary of State, 1st Physician Rehabilitation is owned, operated, and/or managed by Gary Kompothecrus (Kompothecrus), who is the president of the corporation. Kompothecrus is a Florida chiropractor who owns, operates, and/or manages a Florida entity known as 1–800–ASK–GARY.

On March 17, 2009, the Appellants met at 1st Physician Rehabilitation with an attorney working for Winters, Yonker & Rousselle. The Appellants executed written agreements engaging Winters, Yonker & Rousselle to represent them in connection with any civil legal claims arising from the motor vehicle collision. The attorney instructed the Appellants to make appointments and seek further medical treatment for their injuries at 1st Physicians Rehabilitation instead of using their regular doctors or any other medical providers. In September 2009, the Appellees settled the Appellants' bodily injury claims.

In their complaint, the Appellants asserted that the Appellees illegally and/or unethically solicited professional employ-

ment from potential clients through the conduit of advertisements published and aired by 1–800–ASK–GARY. The Appellants further alleged that, in exchange for these advertisements, the Appellees advised their clients to receive medical care at 1st Physician Rehabilitation, which is associated with 1–800–ASK–GARY. Pursuant to Kentucky Supreme Court Rule (SCR) 3.130(7.10), the Appellants sought return of all attorney fees and costs paid to the Appellees.

On June 30, 2010, the Appellees filed a motion to dismiss the complaint pursuant to Kentucky Rule of Civil Procedure (CR) 12.02(f) for failure to state a claim upon which relief may be granted. As grounds for that motion, the Appellees argued that the Kentucky Supreme Court Rules of Professional Conduct do not create a private cause of action for infractions of disciplinary rules. The trial court subsequently held a hearing, and entered an order granting the Appellees' motion to dismiss. In that order, the trial court concluded that it lacked jurisdiction to determine whether the Appellees illegally or unethically solicited clients because the Supreme Court of Kentucky had the sole authority to make such a determination. This appeal followed.

## STANDARD OF REVIEW

As set forth above, the Appellants appeal from an order rendered pursuant to a motion to dismiss for failure to state a claim upon which relief may be granted. The motion to dismiss and the response refer to matters outside of the pleadings. "As such, the motion will be treated as a motion for summary judgment." *Bear, Inc. v. Smith,* 303 S.W.3d 137, 141–42 (Ky. App.2010).

■ As stated in *Smith,*
[W]hen considering a motion for summary judgment, the court is to view the

record in the light most favorable to the party opposing the motion, and all doubts are to be resolved in that party's favor. The trial court must examine the evidence, not to decide any issue of fact, but to discover if a real issue of material fact exists. The moving party bears the initial burden of showing that no issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present at least some affirmative evidence showing that there is a genuine issue of material fact for trial.

*Id.* (citations omitted). Further, "An appellate court need not defer to the trial court's decision on summary judgment and will review the issue *de novo* because only legal questions and no factual findings are involved." *Hallahan v. The Courier–Journal,* 138 S.W.3d 699, 705 (Ky.App.2004).

## ANALYSIS

■ On appeal, the Appellants argue that the trial court erred when it concluded that it lacked jurisdiction to determine whether the Appellees illegally or unethically solicited clients. Specifically, they argue that SCR 3.130(7.10) authorizes a client to file a civil suit against their attorney for recovery of all fees when the attorney illegally or unethically solicits them as a client. We disagree.

In this case, there were no allegations made in the complaint that the Appellees were negligent in handling the Appellants' personal injury claims or in negotiating the settlements. Instead, the Appellants' claims are based on violations of the Kentucky Supreme Court Rules of Professional Conduct. We are unaware of any authority supporting this type of cause of action. In fact, in *Hill v. Willmott,* 561 S.W.2d 331, 333–34 (Ky.App.1978), this Court addressed a similar issue and concluded that the Rules of Professional Con-

duct do not create a private cause of action.

The sole remedial method for a violation of the Code is the imposition of disciplinary measures after a hearing by the Board of Governors of the State Bar Association for any "... charges brought under this code as well as charges for other unprofessional or unethical conduct calculated to bring the bench and bar into disrepute." *See* R.A.P. 3.130. Nowhere does the Code of Professional Responsibility or the Rules attempt to establish standards for civil liability of attorneys for their professional negligence. This is not to say that a cause of action cannot be asserted for negligence on the part of an attorney. All we are holding is that the duty set forth in the Code and the Rules establishes the minimum level of competence for the protection of the public and a violation thereof does not necessarily give rise to a cause of action.

*Id.*

We note that the Preamble to SCR 3.130 also indicates that the Kentucky Supreme Court Rules of Professional Conduct do not create a private right of action. The Preamble states the following:

XXI. **Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached.** In addition, violation of a Rule does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending litigation. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. **They are not designed to be a basis for civil liability.** Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule. Nevertheless, since the Rules do establish standards of conduct by lawyers, a lawyer's violation of a Rule may be evidence of breach of the applicable standard of conduct.

(Emphasis added). Furthermore, as stated in *Grigsby v. Kentucky Bar Ass'n,* 181 S.W.3d 40, 42 (Ky.2005), the Supreme Court of Kentucky "has the sole authority to admit and discipline attorneys."

The Appellants argue that, despite the holding in *Hill* and the language in the Preamble, SCR 3.130(7.10) specifically provides for a civil action for recovery in this case. SCR 3.130(7.10) provides:

If a lawyer illegally or unethically solicited a client for which compensation is paid or payable, all fees arising from such transaction shall be deemed waived and forfeited and shall be returned to the client. **A civil action for recovery of such fees may be brought in a court of competent jurisdiction.**

(Emphasis added).

As correctly noted by the trial court, the language of SCR 3.130(7.10) appears to presuppose that the appropriate disciplinary agency must first determine whether the lawyer illegally or unethically solicited a potential client in violation of SCR 3.130(7.09). Only after making the determination of unethical or illegal solicitation by the appropriate disciplinary agency does the rule make provision for forfeiture of fees under SCR 3.130(7.10). Therefore, we conclude that, while the rule provides for a cause of action to recover fees, it does not provide a cause of action to deter-

mine whether a solicitation in this case was illegal or unethical.

Finally, we note that the cases cited by the Appellants in support of their argument that Kentucky courts routinely decide whether ethical violations have occurred are distinguishable from this case. In *Shoney's, Inc. v. Lewis*, 875 S.W.2d 514 (Ky.1994), the issue was whether communications of plaintiff's counsel with Shoney's employees with knowledge that Shoney's was represented by counsel was grounds for disqualification. The Shoney's employees did not assert a private right of action for the alleged ethical breach by plaintiff's counsel. Thus, *Lewis* is inapplicable to the instant case.

In *Baker v. Shapero*, 203 S.W.3d 697 (Ky.2006), plaintiff's counsel brought an action against his former client to enforce an attorney's lien arising out of counsel's representation of plaintiff under a contract that had been terminated by plaintiff prior to a settlement. The action was for enforcement of contractual rights and did not involve the Kentucky Supreme Court Rules of Professional Conduct. Therefore, *Baker* is also inapplicable to the instant case.

Appellants also cite to *Bonar v. Waite, Schneider, Bayless & Chesley*, No.2007–CA–001374–MR, 2009 WL 3336065 (Ky. App. Oct. 16, 2009). Because the Supreme Court of Kentucky granted discretionary review in that case, it is not final. CR 76.28(4). Thus, the Appellants improperly cite to it, and we need not address it. However, we do note that the *Bonar* case involved a dispute between attorneys as to whether they were entitled to attorney fees. It was not a private action to enforce provisions of the Kentucky Supreme Court Rules. Therefore, it is inapplicable to the instant case.

CONCLUSION

For the foregoing reasons, we affirm the order of the Jefferson Circuit Court.

ALL CONCUR.