# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: AUGUST 29, 2019
NOT TO BE PUBLISHED

# Supreme Court of Kentucky



2019-SC-000010-MR

MCBRAYER, MCGINNIS, LESLIE &
KIRKLAND, PLLC         APPELLANT

V.            ON APPEAL FROM COURT OF APPEALS
CASE NO. 2018-CA-001397-OA
JEFFERSON CIRCUIT COURT NO. 18-CI-003379

HONORABLE AUDRA J. ECKERLE,         APPELLEE
JUDGE, JEFFERSON CIRCUIT COURT

AND

FREEDOM SENIOR SHARE, LLC D/B/A
FREEDOM ADULT DAY HEALTHCARE (NURSING
SERVICES)         REAL PARTY IN INTEREST

AND

NACHIKETA P. BHATT         REAL PARTY IN INTEREST

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

McBrayer, McGinnis, Leslie & Kirkland, PLLC appeals the decision of the

Kentucky Court of Appeals denying its petition for a writ to prohibit the trial

court from proceeding on the claim of breach of fiduciary duty filed against

McBrayer by its former clients, Freedom Senior Share, LLC d/b/a Freedom

Adult Day Healthcare (Nursing Services) and Nachiketa P. Bhatt (hereinafter

collectively referred to as "Freedom"). McBrayer filed a partial motion to dismiss this claim under CR[1] 12.02(a) for lack of subject matter jurisdiction, asserting that the claim was based on an alleged violation of the Kentucky Rules of Professional Conduct contained in SCR[2] 3.130(1.9), over which only the Supreme Court of Kentucky had jurisdiction. The trial court summarily denied its partial motion to dismiss. McBrayer then filed a writ petition with the Court of Appeals, which found that McBrayer had conflated the concept of subject matter jurisdiction with particular case jurisdiction, which relates to failure to state a claim, and that McBrayer's request for dismissal more properly belonged under CR 12.02(f). When a trial court is acting within its subject matter jurisdiction, but is alleged to be acting erroneously, review of a writ petition is scrutinized under the second class of writs, which requires a showing of irreparable injury with no adequate remedy by appeal. Under that review, the appellate court concluded that McBrayer had failed to make the requisite showing and denied its petition. We agree with the Court of Appeals' categorization of McBrayer's claim and its conclusion that McBrayer has not made the necessary showing for issuance of a writ under the second class. Accordingly, we affirm.

## I. Factual and Procedural Background.

In November 2015, Bhatt, on behalf of his company Freedom Senior Share, retained McBrayer to assist with the healthcare licensing process for

---

[1] Kentucky Rules of Civil Procedure.

[2] Rules of the Kentucky Supreme Court.

Freedom to obtain the proper licensure (certificate of need) to operate an adult daycare facility in Jefferson County. During this administrative licensing process, a third-party competitor, Access Adult Health Day Care, LLC (hereinafter "Access"), filed certain objections and opposed Freedom's application for a license. Ultimately, Freedom obtained the license, but in June 2017, McBrayer terminated its attorney-client relationship with Freedom due to its failure to pay a substantial amount of attorney's fees.

In February 2018, McBrayer filed an action in Jefferson Circuit Court on behalf of Access against Freedom, alleging breach of contract, interference with contractual relationship, civil conspiracy and other claims. The complaint concerned a former Access employee's alleged violation of an employment contract by redirecting patients from Access to Freedom. Apparently, that litigation is pending, but McBrayer has since withdrawn from representing Access.

In June 2018, Freedom filed a two-count complaint against McBrayer, alleging legal malpractice and breach of fiduciary duty. The complaint's breach of fiduciary duty claim alleged as follows:

> 20. Defendant owes its legal clients, including the herein Plaintiffs, the utmost fiduciary duty in legal representation.
>
> 21. This fiduciary duty extends to former clients, including the Plaintiffs herein, when it relates to client confidentiality and representation of new parties, like Access, against the former clients in *substantially related matters*.
>
> 22. It is impossible for McBrayer to adequately represent Access and keep Plaintiffs' confidential information truly confidential, all to the damage of the herein Plaintiffs.

23. McBrayer has "switched sides" and is representing a new client against former clients in a matter which is *substantially related* to the former clients' matter with McBrayer, all to the damage of the herein Plaintiffs.

(emphasis added).

In lieu of an answer, McBrayer filed a partial motion to dismiss pursuant to CR 12.02(a) for lack of subject matter jurisdiction, which the trial court denied. In its appeal to this Court, McBrayer points to the language of the complaint alleging that "McBrayer has 'switched sides' and is representing a new client against former clients in a matter which is *substantially related* to the former clients' matter with McBrayer" to argue that the claim is premised on an alleged conflict of interest under SCR 3.310(1.9), which the trial court had no power to adjudicate. SCR 3.310(1.9) governs "Duties to former clients" and provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a *substantially related matter* in which that person's interests are materially adverse to the interests of the former client unless the client gives informed consent, confirmed in writing.

(emphasis added). McBrayer asserts that only the Supreme Court of Kentucky has jurisdiction to interpret and enforce the Rules of Professional Conduct and that the Rules "are not designed to be a basis for civil liability." SCR 3.130 (Scope § XXI). Therefore, McBrayer argues that it has met its burden under the first class of writs, which applies when the lower court is acting without subject matter jurisdiction.

4

## II. Standard of Review.

When reviewing an appeal of a writ action, we follow the standard of review set forth in *Appalachian Racing, LLC. v. Commonwealth*:

> We employ a three-part analysis in reviewing the appeal of a writ action. We review the Court of Appeals' factual findings for clear error. Legal conclusions we review under the de novo standard. But ultimately, the decision whether or not to issue a writ of prohibition is a question of judicial discretion. So review of a court's decision to issue a writ is conducted under the abuse-of-discretion standard. That is, we will not reverse the lower court's ruling absent a finding that the determination was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

504 S.W.3d 1, 3 (Ky. 2016) (citations and quotations omitted).

## III. Analysis.

The "issuance of a writ is an extraordinary remedy that is disfavored by our jurisprudence." *Caldwell v. Chauvin*, 464 S.W.3d 139, 144 (Ky. 2015) (citation omitted). Further, "the issuance of a writ is inherently discretionary" and even upon a showing that the "requirements are met and error found, the grant of a writ remains within the sole discretion of the Court." *Id.* at 145–46 (citation omitted).

Writs fall within two classes, the first of which is a "no jurisdiction writ," the second being a situation in which the lower court has jurisdiction but is acting erroneously. Each writ class requires a different showing:

> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great

5

injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky. 2004).

Under the first class of writs, the term "outside of its jurisdiction" refers to the lower court's subject matter jurisdiction. *Goldstein v. Feeley,* 299 S.W.3d 549, 552 (Ky. 2009). "One seeking a writ when the lower court is acting 'outside of its jurisdiction' need not establish the lack of an adequate alternative remedy or the suffering of great injustice and irreparable injury. Those preconditions apply only when a lower court acts 'erroneously but within its jurisdiction.'" *Id.*

Thus, categorizing McBrayer's petition into the proper writ class determines the requisite showing McBrayer must make to succeed. Before the trial court, McBrayer's partial motion to dismiss was made pursuant to CR 12.02(a), on grounds of lack subject matter jurisdiction. McBrayer maintained that despite the labeling of the claim as breach of fiduciary duty, the language of the claim parroted that of SCR 3.130(1.9), which governs duties to former clients, thus placing the claim within the ambit of the Rules of Professional Responsibility and outside the trial court's jurisdiction.

However, in its writ petition before the Court of Appeals and in its appeal to this Court, McBrayer states that its partial motion to dismiss was made pursuant to CR 12.02(f), when it was in fact raised under (a). Still, McBrayer reiterates its subject matter jurisdiction argument. The Court of Appeals found that McBrayer had conflated subject matter jurisdiction with particular case jurisdiction and despite McBrayer's characterization of the issue as that of

6

subject matter jurisdiction, the issue more accurately was one of particular case jurisdiction which falls under CR 12.02(f), failure to state a claim upon which relief can be granted. Accordingly, the Court of Appeals analyzed McBrayer's writ petition under the second class of writs and held that McBrayer had failed to make the requisite showing.

Jurisdiction falls in three categories: personal, subject-matter, and jurisdiction over the particular case at issue. *See Nordike v. Nordike*, 231 S.W.3d 733, 737–38 (Ky. 2007) (discussing the three types of "jurisdiction" in Kentucky). Personal jurisdiction refers to "the court's authority to determine a claim affecting a specific person." *Id.* at 737 (citation omitted). Subject-matter jurisdiction concerns the court's authority to hear and rule on a particular type or class of cases. *Id.* Jurisdiction over the particular case at issue "refers to the authority and power of the court to decide a *specific* case, rather than the class of cases over which the court has subject-matter jurisdiction." *Id.* at 738 (citation omitted). Particular case jurisdiction "can perhaps be the most difficult of the jurisdictional ideas, as it also includes, or at least relates to, concepts such as ripeness and failure to state a claim, which are usually discussed in terms of jurisdictional effect, although without specific reference to particular-case jurisdiction." *Id.*

The parties do not dispute that a trial court has subject matter jurisdiction to adjudicate a common law breach of fiduciary duty claim. Freedom argues that its complaint states a cognizable civil claim: McBrayer owed a fiduciary duty to Freedom, breached that duty, and caused Freedom

7

damage. *See Insight Kentucky Partners II, L.P. v. Preferred Automotive Servs., Inc.*, 514 S.W.3d 537, 546 (Ky. App. 2016) ("A claim for breach of fiduciary duty requires that a plaintiff allege that '(1) the defendant owes a fiduciary duty to the plaintiff; (2) the defendant breached that duty; and (3) the plaintiff suffered damages as a result of the breach[]'"). Freedom emphasizes that the complaint neither asserted a violation of SCR 3.130(1.9), nor requested any relief under the SCR, and was not a disciplinary action. Further, Freedom maintains that the inclusion of language addressing "substantially related matters" did not remove the action from the jurisdiction of the trial court. Rather, Freedom argues that the Rules of the Kentucky Supreme Court can serve to establish the standard of conduct for attorneys in a civil lawsuit.

On appeal, the parties do not cite any precedent from this Court resolving the issue before us; instead they discuss three Court of Appeals cases, one unpublished, and none of which involves a writ action. In *Rose v. Winters, Yonker & Rousselle, P.S.C.*, 391 S.W.3d 871 (Ky. App. 2012), the Court of Appeals affirmed the trial court's grant of the defendants' CR 12.02(f) motion to dismiss the complaint for failure to state a claim. The complaint alleged that the attorneys had illegally solicited the client/plaintiffs' business in violation of SCR 3.130(7.10) and sought return of attorney fees paid. *Id.* at 873. The appellate court held that the Kentucky Supreme Court Rules of Professional Conduct do not create a private cause of action for infractions of disciplinary rules; only the Supreme Court had jurisdiction to hear such matters. *Id.* at 873–74. Significantly, the Court of Appeals' decision did not mention subject

8

matter jurisdiction; we find it safe to assume the jurisdictional basis for dismissal of the lawsuit was lack of particular case jurisdiction as the motion to dismiss was made pursuant to CR 12.02(f), and not (a).

In *Hill v. Willmott*, 561 S.W.2d 331 (Ky. App. 1978), the Court of Appeals affirmed the trial court's grant of summary judgment dismissing a claim of legal negligence based on violations of the Rules of Professional Conduct. The Court of Appeals held

> Nowhere does the Code of Professional Responsibility or the Rules attempt to establish standards for civil liability for attorneys for their professional negligence. This is not to say that a cause of action cannot be asserted for negligence on the part of an attorney. All we are holding is that the duty set forth in the Code and the Rules establishes the minimum level of competence for the protection of the public and a violation thereof does not necessarily give rise to a cause of action.

*Id.* at 334. Nowhere in *Hill* does the Court of Appeals address subject matter jurisdiction.

Lastly, the parties refer us to *Dean v. Bondurant*, 2005 WL 2467768, No. 2004-CA-001345-MR (Ky. App. 2005), an unpublished case in which the Court of Appeals affirmed the trial court's grant of summary judgment to the defendant attorneys on the plaintiffs' claim of legal malpractice based on violations of SCR Code of Professional Responsibility. The defendants' motion for summary judgment asserted that the plaintiffs had failed to state a claim for breach of ethical obligations. *Id.*, at *4. The Court of Appeals, citing *Hill v. Willmott*, held that "the sole remedy for such violations lies with the Kentucky Bar Association." *Id.*, at *6. As in *Rose*, the issue before the court in *Dean* was

9

whether an alleged violation of the Rules failed to state a claim upon which relief could be granted.

McBrayer is correct that "[v]iolation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. . . . [The Rules] are not designed to be a basis for civil liability." SCR 3.130 (Scope § XXI). And "[f]ailure to comply with an obligation or prohibition imposed by a Rule is a basis for invoking the disciplinary process." *Id.* (Scope § XX). That said, this Court has noted that "the Preamble describing the scope of the Rules expressly provides that 'a lawyer's violation of a Rule may be *evidence of breach* of the applicable standard of conduct.'" *Chesley v. Abbott*, 524 S.W.3d 471, 483 (Ky. 2017) (quoting SCR 3.130 (Scope § XXI)). In *Chesley*, this Court examined the relationship between attorney violations of the common law and attorney violations of the ethical rules and held that "the Rules do provide guidance and establish the minimum standard of conduct expected of all attorneys. In this instance, the Rules establish the standard of conduct required of an attorney acting as his clients' fiduciary." *Id.*

In the case at bar, Freedom has not brought a disciplinary action in circuit court, nor is it seeking disciplinary remedies under the Rules of Professional Conduct. Rather, Freedom has filed a civil lawsuit alleging breach of fiduciary duty, in which Freedom will have to prove duty, breach thereof and damages, to prevail. In other words, Freedom will have to establish the standard of conduct required of an attorney acting as its fiduciary and show

10

that McBrayer breached that duty. In doing so, Freedom may use the Rules of Professional Conduct as a guide for setting the minimum standard of conduct expected of attorneys. Because the trial court has subject matter jurisdiction to entertain the breach of fiduciary duty claim asserted by Freedom, the Court of Appeals correctly categorized and analyzed McBrayer's petition under the second class of writs.

To prevail under the second class of writs, McBrayer must show "that the lower court is acting or is about to act erroneously . . . and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted." *Hoskins*, 150 S.W.3d at 10. As McBrayer has a right to directly appeal an outcome unfavorable to it, it has failed to show that it lacks an adequate remedy by appeal or otherwise. Nor has it shown any great injustice or irreparable injury will result by allowing Freedom to proceed with its breach of fiduciary claim. Accordingly, we agree with the Court of Appeals that issuance of a writ in this instance is not warranted.

## IV. Conclusion.

The Court of Appeals' denial of McBrayer's petition for a writ is affirmed.

Minton, C.J.; Buckingham, Hughes, Keller, VanMeter and Wright, JJ., sitting. All concur. Lambert, J., not sitting.

11

COUNSEL FOR APPELLANT:

John Witt Phillips
Katherine Tipton Watts
PHILLIPS PARKER ORBERSON ARNETT, PLC


COUNSEL FOR APPELLEE:

Not Represented by Counsel


COUNSEL FOR REAL PARTY IN INTEREST,
FREEDOM SENIOR SHARE, LLC D/B/A
FREEDOM ADULT DAY HEALTHCARE
(NURSING SERVICES) AND NACHIKETA P. BHATT:

Matthew William Stein
Robert Lawrence Astorino Jr.
STEIN WHATLEY ATTORNEYS, PLLC