RENDERED: MARCH 1, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0211-MR

OWEN NATION AND CAROL
NATION                                                                          APPELLANTS

v.
                              APPEAL FROM JEFFERSON CIRCUIT COURT
                              HONORABLE ANNIE O'CONNELL, JUDGE
                              ACTION NO. 18-CI-006007

JOHN A.G. PADDOCK                                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND GOODWINE,
JUDGES.

EASTON, JUDGE: The Appellants (the "Nations") ask us to reverse the summary

judgment granted to their former attorney, the Appellee ("Paddock"). Because the

circuit court correctly concluded that the applicable one-year statute of limitations

barred the Nations' claims, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Paddock was an attorney for the Nations for over thirty years. Issues arose about his services between 2010 and 2015. The Nations believed Paddock had not handled various matters properly. There was a claim about insurance proceeds paid with respect to a property the Nations were buying. When another property was sold, Paddock retained a large sum, supposedly without explanation. There was another case involving title to a property, which Paddock had settled, supposedly without approval by the Nations. The Nations had also paid a fee of $5,000 to Paddock for filing a patent on a gaming invention, but the Nations never saw Paddock do anything on this, and they hired another attorney to complete the work.

On July 31, 2015, new counsel (who still represents the Nations in this matter) sent a letter to Paddock terminating his services and requesting return of client files. The Nations filed a bar compliant on November 13, 2015. Part of the purpose of the bar complaint was to obtain the Nations' files. The bar complaint would eventually be summarily dismissed without any findings on January 8, 2018.

As the bar complaint proceeded, the Nations filed a circuit court case[1] for replevin. Replevin is an ancient common law action to obtain an order from a

---

[1] Jefferson Circuit Court Civil Action No. 16-CI-005528.

court for the return of personal property. Replevin included the ability to seek damages for any wrongful detention of the property. *See Halcomb v. Phipps*, 240 S.W. 363 (Ky. 1922). This common law action has been largely displaced by codification of the right to obtain possession. *See, e.g.*, KRS[2] 425.011 *et seq.* (statutes governing writs of possession).

The replevin case was filed on November 7, 2016. While these overlapping matters proceeded, documents were provided by Paddock. A hearing on a motion to dismiss the replevin action took place on June 8, 2017. Before that hearing, on May 22, 2017, the Nations' counsel received the documents sought, and he acknowledged reviewing them on June 7, 2017, the day before the hearing. The circuit court dismissed the replevin action by Order[3] entered on June 20, 2017. The Nations did not appeal that dismissal.

This present case was not filed until October 15, 2018, more than one year and almost four months later. The Complaint mirrors the allegations of

---

[2] Kentucky Revised Statutes.

[3] The circuit court concluded that it did not have subject matter jurisdiction of the replevin claim because the simultaneous bar complaint proceeding addressed Paddock's retention of the same documents. The circuit court had subject matter jurisdiction over the replevin claim. A cited case does not suggest otherwise. In *Rose v. Winters, Yonkers & Rousselle, P.S.C.*, 391 S.W.3d 871 (Ky. 2012), the Kentucky Supreme Court simply held that a violation of an ethical rule by itself cannot be the basis for a civil suit against an attorney, although such a violation may serve as evidence in such a civil suit. This does not mean the circuit court could not order an attorney to return property of a client, which does not require a proven violation of an ethical rule. Of course, the circuit court certainly could have chosen to defer to the bar proceedings as a matter of comity or for judicial economy before acting simultaneously. The reason for the dismissal of the replevin action is not germane to this case, although the timing of the dismissal may be relevant.

wrongdoing in the 2015 bar complaint as can be seen from comparison of the prior bar complaint and Paragraphs 13-25 of the Complaint. This includes explanation of the damages sustained (with amounts) because of Paddock's alleged actions. The circuit court entered summary judgment because the one-year statute of limitations barred the Compliant. This appeal follows.

STANDARD OF REVIEW

"The standard of review on appeal of a summary judgment is whether the circuit judge correctly found that there were no issues as to any material fact and that the moving party was entitled to a judgment as a matter of law." *Pearson ex rel. Trent v. Nat'l Feeding Systems, Inc.*, 90 S.W.3d 46, 49 (Ky. 2002). Summary judgment is only proper when "it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). In ruling on a motion for summary judgment, the court is required to construe the record "in a light most favorable to the party opposing the motion . . . and all doubts are to be resolved in his favor." *Id.*

As summary judgment involves only legal questions if there are no genuine issues of material fact, an appellate court does not defer to the trial court's decision and will review the legal issue *de novo*. *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001). In this case, there were no disputed questions of fact as

to when certain events occurred, and these undisputed facts must be applied to the

legal question of the application of a statute of limitations.

ANALYSIS

The sole issue for this appeal is the application of the statute of

limitations.[4]  KRS 413.245 states in relevant part:

> Notwithstanding any other prescribed limitation of
> actions which might otherwise appear applicable, . . . a
> civil action, whether brought in tort or contract, arising
> out of any act or omission in rendering, or failing to
> render, professional services for others shall be brought
> within one (1) year from the date of the occurrence or
> from the date when the cause of action was, or
> reasonably should have been, discovered by the party
> injured.

We first see that, regardless of what the action against the attorney is called, this

one-year limitation period applies.  For example, a claim that the attorney acted

fraudulently is within the one-year limitation period, not the five-year period for

---

[4] We decline to address at length the alternate argument advanced by Paddock of *res judicata* as it is not necessary to affirm the circuit court.  The bar complaint proceedings addressed violation of ethical rules.  The bar association could not adjudicate damages to be recovered by clients for malpractice, which does not require violation of a specific ethical rule.  In this case, the bar association summarily dismissed the bar complaint without substantial explanation and made no findings.

*Res judicata* is not as broad as Paddock suggests.  *See Kentucky Bar Association v. Greene*, 386 S.W.3d 717 (Ky. 2012) (prior court judgment awarding attorney's fee did not prevent consideration of ethical violation for the fee charged).  The more potentially meritorious argument for *res judicata* was the failure to assert the malpractice claims in the replevin action, although the replevin action could be considered a limited and specific action not intended to address malpractice claims.  *See Yeoman v. Commonwealth, Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky. 1998) (a previous suit may be deemed to have adjudicated every matter which could have been brought in support of the cause of action).

fraud. *Abel v. Austin*, 411 S.W.3d 728, 737-39 (Ky. 2013). *See also Seiller Waterman, LLC v. RLB Properties, Ltd.*, 610 S.W.3d 188, 202-05 (Ky. 2020).

To ameliorate any harshness of the one-year limitation, the statute provides two measurements for this period. It may be measured one year from the occurrence or one year from the reasonable discovery of a cause of action against the attorney. Occurrence and cause of action are synonymous. Under either measurement, there is no question that the complained of acts by Paddock and the Nations' knowledge of damages flowing from those acts occurred well before a year prior to the commencement of this suit.

To reach this conclusion, we must determine when the Nations had a cause of action to assert. The Nations argue they could not have earlier asserted their claims because the amounts of their damages were not certain. Part of their argument relies on *Michels v. Sklavos*, 869 S.W.2d 728 (Ky. 1994).

The holding in *Michels* does not apply in this case. The court in *Michels* recognized the rule for claims of malpractice by an attorney involving litigation not yet completed – a claim which requires proving "a case within [a] case." *Id*. at 729. If the case is ongoing and thus the client may yet win, then any claim of damages because of the malpractice of that case by the attorney is speculative. No cause of action exists until the case is final. *Id*. at 731. This specific rule was reaffirmed in a much more procedurally convoluted case also

-6-

cited by the Nations: *Doe v. Golden and Walters, PLLC*, 173 S.W.3d 260 (Ky. 2005).

The transactions the Nations complain about here had been completed by the time they filed the bar complaint in 2015. There was no completion of a court case to await. Because *Michels* does not apply, the fact that the bar complaint was not dismissed until January of 2018 is immaterial. As we have previously explained, a bar complaint is to determine ethical violations. It is not a civil action. The bar complaint could not have resolved any civil claims the Nations had against Paddock.

To have a cause of action requires only injuries resulting from a wrongful act. *Michels, supra*, at 732. A cause of action accrues when the claimant has an "irrevocable [and] non-speculative injury." *Id*. at 730 (citation omitted). As we will see, this does not mean the Nations had to know the precise amounts of damages they could prove before their cause of action existed and the statute of limitations period began to run.

In lawsuits, injuries are measured in damages which may be awarded. But damages are often unliquidated and must be proven as to amount. CR[5] 8.01(2) prohibits the listing of specific amounts for unliquidated damages in a complaint. The Nations complied with this rule in Paragraph 27 of their Complaint.

---

[5] Kentucky Rules of Civil Procedure.

Paddock relies upon *Saalwaechter v. Carroll*, 525 S.W.3d 100 (Ky. App. 2017). Recognizing the rule in *Michels* about "irrevocable [and] non-speculative injury[,]" this Court in *Saalwaechter* explained that such an injury has occurred when a claimant can be certain that damages will flow from the attorney's acts. This is not a quantitative requirement. For a cause of action to ripen, the damages do not have to translate into a specific dollar amount. *Id*. at 106. The Kentucky Supreme Court has recently clarified and upheld the law on this subject consistent with *Saalwaechter*. *Wolfe v. Kimmel*, 681 S.W.3d 7, 26 (Ky. 2023).

The Nations insist that the circuit court should have applied equitable principles to toll the statute of limitations. Paddock contends that this argument was not preserved as it was not specifically presented to the circuit court. We have repeatedly cautioned that litigants are not permitted to make arguments for the first time to an appellate court. We do not allow appellants "to feed one can of worms to the trial judge and another to the appellate court." *Kasey v. Beshear*, 626 S.W.3d 204, 210 (Ky. App. 2021) (citations omitted).

Considering the general equitable argument advanced, we note the Nations reliance on *Adams v. Ison*, 249 S.W.2d 791 (Ky. 1952), and its progeny. Indeed, a wrongdoer may take actions and make statements which may compel consideration of equity in the tolling of a statute of limitations. But this is not such a case.

"Equity follows the law." *Adamson v. Adamson*, 635 S.W.3d 72, 81 n.8 (Ky. 2021). When a legal rule clearly governs the rights of the parties, equity will not alter the application of that rule. The discovery option under KRS 413.245 allows for those situations where an attorney has prevented the client from discovering the harm done.

The Nations knew of Paddock's actions and the damages flowing from it by the time they filed the bar complaint in 2015. At the latest, the Nations knew of the wrongful acts by Paddock and that damages were certain to flow from those acts when the replevin case was dismissed after the production of the requested documents. That occurred in June 2017. The filing of the second circuit court suit happened well over a year later.

## CONCLUSION

The applicable statute of limitations barred the claims which are the subject of the Complaint in this case. The Jefferson Circuit Court properly granted summary judgment and is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANTS:

C. Gilmore Dutton, III
Shelbyville, Kentucky

BRIEF FOR APPELLEE:

Donald L. Cox
William H. Mooney
Louisville, Kentucky