RENDERED:  MAY 3, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0521-MR

SEAN ODE HUDDLESTON, SR.                                    APPELLANT


v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE AUDRA J. ECKERLE, JUDGE
ACTION NO. 18-CI-000546


ASHLEY L. MICHAEL                                              APPELLEE


OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, A. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Sean Ode Huddleston, Sr., brings this appeal from an April 14, 2022, Opinion and Order of the Jefferson Circuit Court dismissing Huddleston's claims of negligence against Ashley L. Michael on the basis of qualified official immunity.  We affirm in part, reverse in part, and remand.

In 2012, Huddleston was indicted upon the offenses of first-degree sodomy, first-degree wanton endangerment, fourth-degree assault, domestic

violence, and first-degree unlawful imprisonment. The victim was identified as Martina Campbell, Huddleston's girlfriend, who he had allegedly attempted to strangle with a belt. As Huddleston was indigent, he was appointed a public defender, Michael. At this time, Michael was employed by the Louisville-Jefferson County Public Defender Corporation (Public Defender Corporation). Michael advised Huddleston to accept a "Rocket Docket" plea offer, wherein Huddleston would plead guilty to first-degree sexual abuse, first-degree wanton endangerment, and fourth-degree assault. In exchange for the guilty plea, the Commonwealth would recommend a nine-year sentence of imprisonment.

Huddleston accepted the plea offer and entered a guilty plea before the circuit court. Before sentencing, Campbell, contacted by phone, Amy Hannah, a public defender also employed by the Public Defender Corporation. According to Hannah's affidavit, "Ms. Campbell told me that Ms. Michael had threatened her with perjury charges if she recanted her allegations against Mr. Huddleston, and that Ms. Michael had shared with Ms. Campbell information she should not have in her capacity as Mr. Huddleston's defense counsel." By this time, Michael's employment with the Public Defender Corporation had ended for reasons unconnected to her representation of Huddleston. So, Hannah informed Huddleston's new public defender, Angela Rea, of Campbell's allegations. Rea contacted Campbell, and per Rea's Affidavit, "Ms. Campbell told me that Ms.

Michael had 'told her things that she shouldn't have' about the case. Ms. Campbell also said that Ms. Michael told her that 'she (Ms. Michael) was going to get him (Mr. Huddleston) for this,' referring to the crime Mr. Huddleston had allegedly committed."

Due to a potential conflict of interest with the Public Defender Corporation and its attorneys, Huddleston was ultimately appointed an attorney in private practice for representation. Thereafter, Huddleston filed a motion to withdraw his guilty plea. An evidentiary hearing was conducted by the circuit court on the motion. At the hearing, Campbell testified that Michael told her that Michael was going to get Huddleston for what he had done to Campbell. Campbell stated that Michael threatened to have her charged with perjury. Michael also testified and vehemently denied all of Campbell's allegations. By Opinion and Order, the circuit court denied Huddleston's motion to withdraw his guilty plea. The circuit court did not find Campbell's testimony credible.

Huddleston pursued an appeal to the Court of Appeals. In *Huddleston v. Commonwealth*, No. 2013-CA-001538-MR, 2015 WL 3429379 (Ky. App. May 29, 2015), this Court reversed the circuit court's order denying Huddleston's motion to withdraw guilty plea and remanded to allow Huddleston to withdraw his guilty plea.

Upon remand, Huddleston and the Commonwealth reached another plea agreement. Thereunder, Huddleston entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) to assault in the fourth degree and was sentenced to twelve-months' incarceration, getting credit for time previously served under the prior plea.

Subsequently, in 2018, Huddleston filed complaints against Michael and the Public Defender Corporation. Huddleston alleged that Michael negligently represented him by advising him to enter a guilty plea and that the Public Defender Corporation negligently hired and retained her. Huddleston also alleged that Michael acted in bad faith and was not entitled to qualified official immunity.

Michael and the Public Defender Corporation filed answers. In an amended answer, Michael raised the defense of qualified official immunity. The Public Defender Corporation also claimed entitlement to governmental immunity.

Eventually, the Public Defender Corporation filed a motion for summary judgment arguing that Huddleston's claims against it were barred by governmental immunity. The circuit court agreed and determined that the Public Defender Corporation was entitled to governmental immunity. As a result, the circuit court granted the Public Defender Corporation's motion for summary judgment and dismissed Huddleston's claims against it. The Opinion and Order included complete Kentucky Rules of Civil Procedure (CR) 54.02 language.

Huddleston undertook a direct appeal to the Court of Appeals. In *Huddleston v. Louisville-Jefferson County Public Defender Corporation*, No. 2019-CA-000287-MR, 2020 WL 5587376 (Ky. App. Sep. 18, 2020), this Court affirmed, agreeing that the Public Defender Corporation was entitled to governmental immunity pursuant to *Jacobi v. Holbert*, 553 S.W.3d 246 (Ky. 2018).

Michael also filed a motion for summary judgment. Therein, she claimed that her actions as Huddleston's attorney were discretionary and that she was entitled to qualified official immunity. In his response, Huddleston argued that Michael's actions were ministerial or in the alternative, if discretionary, were undertaken in bad faith, thus eviscerating her immunity.

On April 14, 2022, the circuit court granted Michael's motion for summary judgment and dismissed Huddleston's claims. The circuit court determined:

> [I]t is clear that Michael's actions were discretionary and not ministerial. Rendering legal advice is never a rote exercise. It inherently involves strategy, tactics, skill, and expertise. "Discretionary or judicial duties are such as necessarily require the exercise of reason in the adaptation of means to an end, and discretion in determining how or whether the act shall be done or the course pursued." *Upchurch v. Clinton County*, 330 S.W.2d 428 (Ky. 1959). Advising a defendant as to whether he should accept a plea agreement is the epitome of discretionary acts. Perhaps, as Huddleston argued, Michael should have rendered different advice, but that

-5-

does not render that advice ministerial. It also does not necessarily equate to bad faith. While she could not give legal advice to the alleged victim in the underlying criminal case, telling her to stay away from Michael's client would have been in Huddleston's best interest as he was accused of assault. And the victim's alleged desire to give Huddleston a reduced sentence is not relevant to the prosecution's desire to recommend a longer penalty for Huddleston. Domestic violence victims are often not in the best position to decide appropriate outcomes. Finally, the rocket docket operates to make a summary decision as to a plea without discovery. Huddleston already knew the facts in discovery, a[s] he is an experienced user of the criminal justice system. The decision to take a plea offer was his alone. And, he still ultimately pled guilty and was not exonerated.

April 14, 2022, Opinion and Order at 7. This appeal follows.

To begin, summary judgment is proper where there exists no material issue of fact and movant is entitled to judgment as a matter of law. *See Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482-83 (Ky. 1991). All facts and inferences therefrom are viewed in a light most favorable to the nonmoving party. *Id.* And, our review of a summary judgment is always *de novo*. *Seiller Waterman, LLC v. Bardstown Cap. Corp.*, 643 S.W.3d 68, 74 (Ky. 2022); *Cunningham v. Kroger Ltd. P'ship I*, 651 S.W.3d 199, 202 (Ky. App. 2022).

Huddleston contends that the circuit court erred by rendering summary judgment dismissing his negligence claims against Michael. Huddleston argues that Michael was not entitled to qualified official immunity. Huddleston

-6-

maintains that Michael failed to conduct an adequate investigation of the underlying facts, to engage in discovery, or to examine the law prior to recommending that Huddleston enter the guilty plea. Also, Huddleston argues that Michael breached her duty of loyalty to him by telling Campbell that she (Michael) was going to get Huddleston for what he had done to Campbell. Huddleston claims that these are ministerial duties to which there is no official qualified immunity. Alternatively, if Michael's acts were discretionary, Huddleston argues that material issues of fact exist as to whether Michael was acting in good faith. In this regard, Huddleston asserts that Michael acted in bad faith in her representation of him. Thus, Michael was not entitled to the shield of qualified official immunity.

Public officials and employees may be shielded from tort actions when sued in their individual capacities by qualified official immunity. To be entitled to qualified official immunity, the public official must be performing a discretionary act as opposed to a ministerial act. So, the distinction between a discretionary act and a ministerial act is pivotal in determining entitlement to qualified official immunity.

A ministerial act generally "requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts." *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001). On the other hand, a discretionary act

-7-

involves "the exercise of discretion and judgment, or personal deliberation, decision, and judgment[.]" *Id.* at 522.

The discretionary act must also have been performed within the scope of the public official's employment and in good faith. In Kentucky, the element of good faith has both an objective and a subjective component. *Yanero*, 65 S.W.3d at 523 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982)). Both the objective and subjective components of good faith are practically demonstrated by proving that the official acted in bad faith. In particular, as to the objective component, the official is said to act in bad faith if she violates "a constitutional, statutory, or other clearly established right which a person in the public employee's position presumptively would have known was afforded to a person in the plaintiff's position[.]" *Yanero*, 65 S.W.3d at 523. As to the subjective component, the official acts in bad faith if she "willfully or maliciously intended to harm the plaintiff or acted with a corrupt motive." *Id.* Oftentimes, the resolution of subjective component of good faith involves factual issues. *Rowan County v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006); *see also Harlow*, 457 U.S. at 815-16.

Huddleston's claims against Michael are based in negligence. Huddleston generally has asserted that Michael breached the standard of care in

representing him, thus causing him to suffer harm.[1]  These negligence claims center upon Michael's advice to Huddleston to accept the plea bargain and to plead guilty.  Huddleston also claims that Michael was negligent for her failure to renegotiate the plea bargain after Campbell indicated that she did not want Huddleston to be further punished.  Due to Michael's negligent representation, Huddleston asserts that he was imprisoned for four years.

Viewing the facts most favorable to Huddleston, we believe Michael's advice to accept the plea bargain and enter the guilty plea constitutes a discretionary act.  Additionally, we also view Michael's decision not to renegotiate the plea bargain to be a discretionary act.  An attorney's recommendation as to a plea offer necessarily involves the consideration and balancing of myriad factors and circumstances.  These acts require judgment and deliberation by the attorney and are quintessentially discretionary acts.  *Jacobi*, 553 S.W.3d at 261 (holding that "[t]he act of advising a client is, at its core, a discretionary function").

As discretionary acts, Michael is entitled to qualified official immunity if Michael performed the acts in good faith and within the scope of her

---

[1] Sean Ode Huddleston, Sr., also maintains that Ashley L. Michael violated the Rules of Professional Conduct codified in the Rules of the Supreme Court 3.130, Rule 1.7.  However, the Kentucky Supreme Court has held that violations of "the Rules of Professional Conduct do not create a private cause of action."  *Rose v. Winters, Yonker & Rousselle, P.S.C.*, 391 S.W.3d 871, 873-74 (Ky. App. 2012); *see also Lawrence v. Bingham Greenbaum Doll, LLP*, 599 S.W.3d 813, 828 (Ky. 2019).  As a result, any duties created by Rule 1.7 cannot form the basis of a negligence or tort action and are consequently irrelevant to qualified official immunity.

employment. It does appear that the discretionary acts were performed within the scope of Michael's employment.

However, concerning good faith, there is evidence that Michael informed Campbell (the victim) that Michael was going to get Huddleston for what he had done to Campbell. Viewing the evidence most favorable to Huddleston, Michael's comment to Campbell creates a genuine issue of material fact as to whether Michael acted with a corrupt motive and/or an adverse intent in her representation of Michael and in her advice to enter the guilty plea. Therefore, we reverse the circuit court's summary determination that Michael was entitled to qualified official immunity and remand for an evidentiary hearing and a factual determination as to the subjective component of Michael's good faith.[2]

Huddleston also asserts that the circuit court erred by granting Michael's motion to amend her answer to add the affirmative defense of qualified official immunity. Huddleston points out that Michael filed her answer on April 24, 2018, and filed the motion to amend the answer on April 4, 2019. Huddleston argues that Michael claimed in her motion to amend that the qualified official immunity defense was inadvertently omitted from her answer. Huddleston alleges that the motion to amend was untimely and the product of undue delay.

CR 15.01 provides, in relevant part:

_____

[2] Our review does not preclude the circuit court from conducting a trial on this issue.

-10-

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

After a responsive pleading is filed or the twenty days have elapsed, a party may amend a pleading only upon written consent of the opposing party or by leave of court. The court should freely permit amendment "when justice so requires." CR 15.01. And, a pleading may be amended to raise a new claim for relief or to raise a new defense, including an affirmative defense. 6 David V. Kramer, *Kentucky Practice - Amendments*, *Rules of Civil Procedure* § 15.01 (2023).[3] The circuit court enjoys broad discretion when ruling on a motion to amend, and the ruling will not be disturbed on appeal absent a clear abuse of discretion. *Nami Res. Co., LLC v. Asher Land & Min., Ltd.*, 554 S.W.3d 323, 343 (Ky. 2018).

Here, Huddleston has not shown undue prejudice or bad faith as to the delay in Michael filing the motion to amend the answer. And, by permitting the answer to be amended, the circuit court ensured that the case was adjudicated "on the merits rather than technicalities." *Nami Res. Co., LLC*, 554 S.W.3d at 343.

---

[3] *See also Curry v. Cincinnati Equitable Insurance Company*, 834 S.W.2d 701, 704 (Ky. App. 1992).

Moreover, Huddleston had ample opportunity to counter the qualified official immunity defense raised in the amended answer. Upon the whole, we are unable to conclude that the circuit court abused its discretion by granting Michael's motion to amend the answer.

We view any remaining contentions of error to be moot or without merit.

To summarize, we reverse the circuit court's summary judgment concerning Michael's entitlement to qualified official immunity and remand for an evidentiary hearing and factual determination as to Michael's subjective good faith. We affirm on all other grounds.

For the foregoing reasons, the Opinion and Order of the Jefferson Circuit Court is affirmed in part, reversed in part, and remanded for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

J. Vincent Aprile II
Louisville, Kentucky